UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RHODA MANDEL, et al.,

                                    Plaintiffs,                    21-CV-06045 (JHR) (VF)

                -against-                                          **REPORT &
                                                                  RECOMMENDATION**

FIZZBIN, LLC, et al.,

                                    Defendants.

------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

**To: THE HONORABLE JENNIFER H. REARDEN, United States District Judge**

Plaintiffs Rhoda Mandel and Leslie Mandel (collectively, "Plaintiffs") commenced this action on July 14, 2021, against the City of New York, Fizzbin, LLC ("Fizzbin"), and Greek Eats (collectively, "Defendants") asserting claims for negligence and loss of services arising from Rhoda Mandel's fall on October 2, 2020. Plaintiffs filed an amended complaint on September 2, 2021. Presently before the Court is Greek Eats' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons discussed herein, I respectfully recommend that Greek Eats' motion be **GRANTED**.

## BACKGROUND[1]

The parties provided Local Civil Rule 56.1 Statements of Facts. See ECF No. 113 (Greek Eats' R. 56.1); ECF No. 121 (Plaintiffs' R. 56.1 and Counter R. 56.1); and ECF No. 123 (Greek Eats' Counter R. 56.1). Local Civil Rule 56.1(b) requires that Plaintiffs respond to Greek Eats'

---

[1] The page numbers referenced for citations to ECF are to the electronically generated pagination in those documents, including for any deposition transcripts cited.

statement of undisputed fact by including "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried."

Plaintiffs failed to comply with Local Civil Rule 56.1(b). Plaintiffs did not respond to each numbered paragraph in Greek Eats' Rule 56.1 Statement. See ECF No. 121 at ¶¶ 1-4. Plaintiffs instead drafted their own statements, using pieces of certain of Greek Eats' statements of facts and responded to their own version of Greek Eats' purported statement of undisputed fact. Id. This is wholly improper under the Local Civil Rules. As the Court is permitted to do under Local Civil Rule 56.1(c), it has deemed admitted every proper statement of fact in Greek Eats' Rule 56.1 statement. See, e.g., Hinchey v. First Unum Life Ins. Co., No. 17-CV-08034 (NSR), 2020 WL 1331898, at *1 n.1 (S.D.N.Y. Mar. 20, 2020), aff'd, 848 F. App'x 481 (2d Cir. 2021) (noting that because plaintiff's counter Rule 56.1 statement did not respond to defendant's Rule 56.1 statement, "the Court will deem the facts in [d]efendants' Rule 56.1 Statement supported by evidence in the record to be deemed admitted, pursuant to Local Civil Rule 56.1(c)"); Sols. Express Ltd. v. Ashley Furniture Indus., Inc., No. 20-CV-7843 (CS), 2023 WL 2393861, at *1 n.1 (S.D.N.Y. Mar. 7, 2023) (noting that where plaintiffs responded to only one of defendant's Rule 56.1 statements, "[p]laintiffs' failure to respond individually to [d]efendant's statements permits me to consider those statements admitted for purposes of [d]efendant's motion"); see also Local Civil R. 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly

2

numbered paragraph in the statement required to be served by the opposing party.").

Plaintiffs also provide their own counterstatement of undisputed facts. ECF No. 121 at ¶¶ 5-15. But several of Plaintiffs' purported facts are improper. For example, as a purported undisputed fact, Plaintiffs include the opinion of an expert. Id. at ¶ 11. Plaintiffs also include a legal conclusion in their statement of undisputed facts. Id. at ¶ 14. Additionally, Plaintiffs claim as an undisputed fact that "Greek Eats does not dispute that it placed the sandwich board on the sidewalk," but even ignoring the improper phrasing of that purported undisputed fact, Plaintiffs do not provide a cite to admissible evidence to support it. Id. at ¶ 13. Because these are not proper statements of fact, they have not been considered. Kravitz v. Binda, No. 17-CV-7461 (ALC) (SN), 2022 WL 1052684, at *6 (S.D.N.Y. Apr. 4, 2022) (declining to treat expert opinion as a statement of fact because "[h]is opinions are no substitute for proof of an underlying fact") (internal quotation marks and citation omitted); Julian v. MetLife, Inc., No. 17-CV-957 (AJN), 2021 WL 3887763, at *6 (S.D.N.Y. Aug. 31, 2021) (explaining that "it is not appropriate for a Rule 56.1 statement, response, or counterstatement to include legal argument or legal conclusions").[2]

---

[2] Greek Eats, too, has a few statements of undisputed fact that are improper. Greek Eats uses its Rule 56.1 statement to point to allegations in the complaint and argue that the allegations are unsupported by evidence, which is not a proper use of a Rule 56.1 statement. ECF No. 113 at ¶¶ 2-4; see, e.g., Davis v. Gantt, No. 18-CV-303 (PKC) (AYS), 2024 WL 4132372, at *1 n.4 (E.D.N.Y. Sept. 10, 2024) (noting impropriety of defendant's Rule 56.1 statement where defendants included "[p]laintiff's complaint allegations in their Local Rule 56.1 statement" to argue that plaintiff's claim failed as a matter of law).

I.    Factual Background

1229, LLC, doing business as Greek Eats, is a restaurant located at 1229 First Avenue in Manhattan.[3] ECF No. 111-11 at 16-17; ECF No. 111-12 at 11; ECF No. 111-13 at 10. Greek Eats leases the premises where its restaurant is located from Fizzbin. ECF No. 111-13. The lease between Greek Eats and Fizzbin "assigned structural sidewalk repair to the landlord but did not restrict Greek Eats from using the sidewalk for commercial signage." ECF No. 123 at ¶ 12; see also ECF No. 113 at ¶¶ 30-32. Specifically, Greek Eats' lease with Fizzbin states that Greek Eats "at its own expense shall keep the sidewalks and curbs in front of the [store] free from dirt, rubbish, snow and ice[.]" ECF No. 111-13 at 25. Greek Eats, however, "shall not be responsible for the repair or replacement of any part of the sidewalk, unless the need for same arises out of the negligence or misconduct of [Greek Eats], its agents, contractors, employees, invitees or licensees." Id. The sidewalk maintenance was performed by a property manager on behalf of Fizzbin. ECF No. 113 at ¶ 30. Consistent with its obligation under the lease, Fizzbin's property manager completed repairs around a sidewalk grate in front of Greek Eats in June or July of 2020.[4] ECF No. 111-11 at 38, 66-68, 78-80, 99-101; ECF No. 111-12 at 44.

On October 2, 2020, Greek Eats placed a sandwich-board advertising sign on the public sidewalk near its storefront. ECF No. 123 at ¶ 5. The same day, Rhoda Mandel and her husband,

---

[3] There are various facts in the record which are not disputed, but which neither party has included in their respective Rule 56.1 statement of undisputed facts. These facts have been included here, because the Court may rely on any admissible "evidence in the record" on a motion for summary judgment. See In re Fosamax Prods. Liab. Litig., 707 F.3d 189, 193 (2d Cir. 2013) (quoting Lyons v. Lancer Ins. Co., 681 F.3d 50, 57 (2d Cir. 2012)) ("In ruling on a motion for summary judgment, a district court 'may rely on any material that would be admissible at a trial.'"); see also Fed. R. Civ. P. 56(c)(3); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2721 at 361 (3d ed. 1998) ("[A]lthough the court is required only to consider the materials cited by the parties, it has discretion to consider other materials in the record when making its determination.").

[4] See supra note 3.

Leslie Mandel, were walking south on First Avenue. ECF No. 111-6 at 16; ECF No. 111-9 at 20, 67. As they approached Greek Eats, they were walking "arm and arm." ECF No. 113 at ¶ 11; see also id. at ¶ 21. The sandwich board belonging to Greek Eats was adjacent to a hole in the sidewalk and not concealing it.[5] ECF No. 113 at ¶ 14; see also ECF No. 111-8 at 30, 32-33, 157-58. Mrs. Mandel fell because of a hole in the sidewalk. ECF No. 113 at ¶ 6. Neither Mrs. nor Mr. Mandel saw the hole prior to Mrs. Mandel's fall. Id. at ¶¶ 7, 12, 15, 18, 24.

II.    Procedural Background

On December 1, 2020, Plaintiffs filed a notice of claim against the City of New York to recover damages for Mrs. Mandel's fall on October 2, 2020. ECF No. 111-1. On July 14, 2021, Plaintiffs commenced this action alleging a claim of negligence against the City of New York in Count I, a claim of negligence against Fizzbin in Count II, a claim of negligence against Greek Eats in Count III, and a claim for loss of services against all Defendants on behalf of Mr. Mandel in Count IV. ECF No. 1 at 6-14. On September 2, 2021, Plaintiffs filed an amended complaint. ECF No. 14.

On August 12, 2022, Plaintiffs and the City of New York filed a stipulation of voluntary dismissal as to the City of New York (ECF No. 54), which the Court subsequently granted (ECF No. 55). On March 3, 2025, the parties notified the Court that they had reached a settlement with Fizzbin. ECF No. 104. Nevertheless, a stipulation of dismissal has not been filed for Fizzbin, and Fizzbin remains a defendant in the case.

Greek Eats filed its motion for summary judgment on August 14, 2025. ECF No. 110. Plaintiffs filed their opposition to the motion on October 6, 2025. ECF No. 120. Greek Eats filed

---

[5] See supra note 3. Plaintiffs acknowledge in their brief that the hole was visible. See ECF No. 120 at 6 ("The claim is not that the sign concealed the hole.").

its reply brief in further support of the motion on October 13, 2025. ECF No. 122. The motion was referred to the undersigned for a Report and Recommendation on September 8, 2025. ECF No. 116.

## DISCUSSION

I.    Legal Standard

"[A] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The Court's task is not to resolve contested issues of fact but rather to determine whether there exists any disputed issue of material fact. Donahue v. Windsor Locks Board of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987); Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986). "A fact is material when it might affect the outcome of the suit under governing law." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks and citation omitted). A dispute "is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

"All evidence submitted on the motion is to be construed in the manner most favorable to the nonmoving party." Okin v. Vill. of Cornwall-On-Hudson Police Dep't, 577 F.3d 415, 427 (2d Cir. 2009) (quoting Horvath v. Westport Library Ass'n, 362 F.3d 147, 151 (2d Cir. 2004)). "To defeat summary judgment non-moving parties must do more than simply show that there is some metaphysical doubt as to the material facts and they may not rely on conclusory allegations or unsubstantiated speculation." Bermudez v. City of New York, 790 F.3d 368, 373-74 (2d Cir. 2015) (internal quotation marks, alterations, and citation omitted). While "disputes over facts

6

that might affect the outcome of the suit under the governing law will properly preclude the entry

of summary judgment[,] [f]actual disputes that are irrelevant or unnecessary will not be

counted." Anderson, 477 U.S. at 248; see also Knight, 804 F.2d at 11-12 (quoting Quarles v.

Gen. Motors Corp., 758 F.2d 839, 840 (2d Cir. 1985) (per curiam)) (noting that "the mere

existence of factual issues—where those issues are not material to the claims before the court—

will not suffice to defeat a motion for summary judgment") (alteration omitted).

"It is well-settled that New York state law governs Plaintiff's substantive negligence

claim. The procedural aspects of the claim, however, are governed by federal law." Tavarez v.

BJ's Wholesale Club, Inc., No. 16-CV-1780 (ER), 2018 WL 2089338, at *3 (S.D.N.Y. May 3,

2018) (internal citation omitted). The Second Circuit has determined that "the evidentiary

burdens that the respective parties will bear at trial guide district courts in their determination of

summary judgment motions.'" Tenay v. Culinary Teachers Ass'n of Hyde Park, 281 F. App'x

11, 12-13 (2d Cir. 2008) (summary order) (quoting Brady v. Town of Colchester, 863 F.2d 205,

211 (2d Cir. 1988)); see also Castellanos v. Target Dep't Stores, Inc., No. 12-CV-2775 (GWG),

2013 WL 4017166, at *7 (S.D.N.Y. Aug. 7, 2013) ("[B]ecause the evidentiary burden that the

parties bear in a summary judgment motion is procedural, the federal standard controls.").

"[T]he federal standard governing the parties' evidentiary burdens is more permissive

than its New York state analogue." Milone v. Bryant Park Corp., No. 23-CV-6412 (SLC), 2025

WL 438261, at *3 (S.D.N.Y. Feb. 7, 2025). "Under the law of New York State, . . . a defendant

in a personal injury action may not satisfy its summary judgment burden 'merely by pointing to

gaps in the plaintiff's case,' but rather must submit affirmative evidence in support of its

position." Id. (quoting Perez v. Dolgen Corp. of N.Y. Inc., 721 F. Supp. 3d 206, 214 (S.D.N.Y.

2024)) (alterations in original). "By contrast, under the federal standard, a defendant's summary

judgment burden is satisfied if it can point to an absence of evidence to support an essential element of the plaintiff's negligence claim." Id. (internal quotation marks and citation omitted); see also Vicente v. Target Corp., No. 22-CV-2325 (MKB), 2024 WL 3904765, at *3 (E.D.N.Y. Aug. 22, 2024) ("[D]efendant may meet its burden at summary judgment by demonstrating that [p]laintiff's evidence is insufficient to establish an essential element of her negligence claim") (internal quotation marks and citation omitted). "Once a movant has made that showing, the nonmovant must set forth specific facts showing that there is a genuine issue for trial." Bustamante v. KIND, LLC, 100 F.4th 419, 432 (2d Cir. 2024) (internal quotation marks and citation omitted).

## II.    Negligence Claim in Count III

For a claim of negligence under New York law, "a plaintiff must show (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty, and (3) the plaintiff suffered damage as a proximate result of that breach." Christian v. United States, 859 F. Supp. 2d 468, 472 (E.D.N.Y. 2012) (first citing Lombard v. Booz–Allen & Hamilton, Inc., 280 F.3d 209, 215 (2d Cir. 2002); then citing Ingrassia v. Lividikos, 54 A.D.3d 721, 724 (2d Dep't 2008)). "As opposed to the questions of breach and proximate cause, which often are for the finder of fact, the existence and scope of a duty of care is a question of law for the courts entailing the consideration of relevant policy factors." Weissman v. Aramark Corp., No. 09-CV-1221 (DLI) (VVP), 2011 WL 13377461, at *5 (E.D.N.Y. Aug. 26, 2011) (internal quotation marks and citation omitted).

"Under New York law, it is well established that liability for injuries resulting from negligently maintained public sidewalks lies, if at all, with the municipality, not the adjacent landowner." Williams v. KFC Nat. Mgmt. Co., 391 F.3d 411, 419 (2d Cir. 2004) (citation

omitted); see also Hausser v. Giunta, 88 N.Y.2d 449, 452-53 (1996) ("[L]iability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner.") (citation omitted). However, "an abutting owner . . . may be liable for resulting injuries: (1) where the sidewalk was constructed in a special manner for his benefit, in other words, where he makes 'special use' of the sidewalk, (2) where he affirmatively caused the defect, (3) where he negligently constructed or repaired the sidewalk, and (4) where a local ordinance specifically requires the landowner to maintain the sidewalk and imposes liability for failure to do so." Williams, 391 F.3d at 419; see also Christian, 859 F. Supp. 2d at 473.

This "special use exception is reserved for situations where a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use, and is therefore required to maintain a portion of that property." Williams, 391 F.3d at 419 (internal quotation marks and citation omitted). In New York, "[t]he special use exception imposes an obligation on an abutting landowner to maintain the part so used in a reasonably safe condition to avoid injury to others where (i) an abutting landowner can subject part of a public way to his 'control'; and (ii) puts the part to a 'special use' for his own benefit." Marino v. 101 MacDougal St. LLC, No. 13-CV-5106 (LAP), 2014 WL 12539359, at *3 (S.D.N.Y. Aug. 18, 2014) (citing Breland v. Bayridge Air Rights, Inc., 65 A.D.3d 559, 560 (2d Dep't 2009)); see also Poirier v. City of Schenectady, 85 N.Y.2d 310, 315 (1995) ("The special use exception is reserved for situations where a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use, and is therefore required to maintain a portion of that property.") (citation omitted).

"New York courts have consistently required that the sidewalk must be constructed in a

special manner for the benefit of the abutting landowner for liability to be imposed" under the special use doctrine. Christian, 859 F. Supp. 2d at 474 (citing Williams, 391 F.3d at 419); see also Kiernan v. Thompson, 137 A.D.2d 957, 958 (3d Dep't 1988) ("Before liability can be imposed, the sidewalk must be constructed in a special manner[.]") (citations omitted). "Cases applying the doctrine have typically involved the installation of some object in the sidewalk or a variance in the construction of the sidewalk intended specifically to benefit the adjacent owner." Williams, 391 F.3d at 419 (collecting cases). For example, courts have applied the special use doctrine where a landowner constructed concrete steps to facilitate entry into the restaurant (Granville v. City of New York, 211 A.D.2d 195, 197-98 (1st Dep't 1995)), added "decorative pavers or cobblestones" to steps into the building (Podhurst v. Vill. of Monticello, 202 A.D.3d 1185, 1188 (3rd Dep't 2022)), or extended a driveway for contracting work (Ostrovsky v. City of New York, 2 Misc. 3d 151, 159-60 (Sup. Ct. 2002), aff'd, 1 A.D.3d 117 (2003)). By contrast, courts have found no special use where a plaintiff fell when she slipped on grease while walking on a sidewalk, because plaintiff did not allege that "any special features on the sidewalk were constructed for [defendant's] benefit" and the fact that defendant used "the sidewalk to move a dumpster was not special." Williams, 391 F.3d at 419-20; see also Christian, 859 F. Supp. 2d at 475 (finding use of sidewalk to enter and exit a business did not constitute special use); Diaz v. Am. Airlines, Inc., No. 13-CV-7813 (GHW), 2015 WL 4503649, at *7 (S.D.N.Y. July 23, 2015) (finding no special use where "customers traversed [a] common use area" to reach defendant's ticket counter); Tortora v. Pearl Foods, Inc., 200 A.D.2d 471 (1st Dep't 1994) (concluding that business whose customers formed a line on the sidewalk did not constitute special use).

Greek Eats argues that it did not exercise a "special use" of the sidewalk and thus owes the Mandels no duty. ECF No. 112 at 19-20. Specifically, Greek Eats argues that there is no

evidence that the placement of the sign created or contributed to the dangerous condition—namely, the hole that caused the fall—or that the placement of the sign contributed to the accident, because the sign did not obstruct the hole. Id. at 20. Greek Eats is correct.

There is no dispute that Greek Eats was not responsible for structural repairs to the sidewalk (ECF No. 123 at ¶ 12), and there is no evidence in the record to suggest that Greek Eats created the hole in the sidewalk. See ECF No. 113 at ¶¶ 6-8, 14, 19, 24, 28; ECF No. 123 at ¶¶ 7, 10. Accordingly, for Plaintiffs to sustain a negligence claim against Greek Eats, the special use exception must apply. See, e.g., Berkowitz v. Dayton Constr., Inc., 2 A.D. 3d 764, 765 (2d Dep't 2003) (explaining that lessee will be liable only if it "created the defective condition, negligently made repairs, or used the sidewalk for a special purpose").

The use of the sidewalk by Greek Eats here is limited to the placement of a sandwich board advertisement adjacent to the entrance of the business. ECF No. 123 at ¶ 5. That alone does not constitute special use. As discussed, "New York courts have consistently required that the sidewalk must be constructed in a special manner for the benefit of the abutting landowner for liability to be imposed" under the special use exception. Christian, 859 F. Supp. 2d at 474 (citing Williams, 391 F.3d at 419); see also Gage v. City of New York, 203 A.D.2d 118, 119 (1st Dep't 1994) (concluding that special use exception applied where theatre owner "installed terrazzo tile on the sidewalk abutting entrance of theatre"); Rodriguez v. City of New York, 188 A.D.3d 505 (1st Dep't 2020) (finding no special use where "no special structure or instrumentality was installed at [defendant's] behest or for their benefit that would give rise to an obligation to maintain or repair the public street") (internal quotation marks omitted). There is no evidence that the sidewalk was altered in any way to accommodate the sign. Use of a sandwich board to advertise the business is "routine use" of the sidewalk, "indistinguishable from the

11

myriad ways in which public sidewalks are used every day" in the City. <u>Williams</u>, 391 F.3d at 420; <u>see also</u> <u>Thomas v. Triangle Realty Co.</u>, 255 A.D.2d 153, 154 (1st Dep't 1998) (concluding that "mere fact that the defendant bank maintained an ATM machine adjacent to the sidewalk was not a special use that might impose correlating maintenance and repair obligations with respect to the sidewalk"); <u>see generally</u> <u>Loiaconi v. Vill. of Tarrytown</u>, 36 A.D.3d 864 (2d Dep't 2007) ("The special use exception is a use different from the normal intended use of the public way.") (citation and alteration omitted).

To argue that the use by Greek Eats of the sidewalk constituted a special use, Plaintiffs point to two cases. <u>See</u> ECF No. 120 at 6. But both cases are distinguishable because the landowner in those cases made a structural modification to the sidewalk. In <u>Nickelsburg v. City of New York</u>, the adjacent landowner imbedded iron bars into the sidewalk. <u>See</u> 263 A.D. 625, 626 (1st Dep't 1942). And in <u>Santorelli v. City of New York</u>, the adjacent landowner installed a filler cap into the sidewalk that "jutted some two inches or more above the surrounding sidewalk" for the landowner's benefit to transmit "heating oil from a delivery truck to" the landowner's boiler. <u>See</u> 77 A.D.2d 825, 825-26 (1st Dep't 1980). By contrast, here there is no evidence of any structural modification to the sidewalk whatsoever, let alone one for the benefit of Greek Eats.

Turning to Greek Eats other argument for summary judgment, Greek Eats argues that Plaintiffs cannot establish that they were owed a duty under the <u>Espinal</u> doctrine. ECF No. 112 at 20-22. But as discussed below, the Court need not even consider the <u>Espinal</u> exceptions, because Greek Eats was under no contractual obligation to repair or maintain the sidewalk.

"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party."

Espinal v. Melville Snow Contractors, Inc., 98 N.Y. 2d 136, 138 (2002) (citation omitted); see also O'Keefe v. Arbon Equipment Corp., 399 F. Supp. 2d 478, 483 (S.D.N.Y. Nov. 2, 2005) (explaining that liability for negligence turns on "whether the defendant has assumed a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff") (internal quotation marks and citation omitted). In Espinal, the New York Court of Appeals was asked to consider the extent to which tort liability should extend to third parties with whom the alleged tortfeasor had no contractual relationship. 98 N.Y. 2d at 138-39. The Court of Appeals concluded that a contracting party who enters into a contract to render services is deemed to have assumed a duty of care to third parties, such that the contracting party could potentially be liable in tort, "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely." Espinal, 98 N.Y. 2d at 140 (internal quotation marks, alterations, and citations omitted).

Here, Greek Eats was under no contractual obligation to maintain or repair the sidewalk. The lease between Greek Eats and Fizzbin states that Greek Eats "shall not be responsible for the repair or replacement of any part of the sidewalk." ECF No. 111-13 at 25. It was Fizzbin that was responsible for such maintenance and, consistent with this obligation, Fizzbin, through a property manager, completed repairs to the sidewalk in June or July of 2020, approximately three or four months before Mrs. Mandel's accident. ECF No. 123 at ¶ 12; ECF No. 113 at ¶¶ 30-32; ECF No. 111-11 at 38, 66-68, 78-80, 99-101; ECF No. 111-12 at 44. Significantly, Plaintiffs concede that Greek Eats had no repair obligations under its lease with Fizzbin. ECF No. 123 at ¶ 12. And although the lease renders Greek Eats "responsible for the repair or replacement of any

13

part of the sidewalk" where the "need for same arises out of the negligence or misconduct of [Greek Eats]" (ECF No. 111-13 at 25), there is no evidence in the record to even suggest that the hole in the sidewalk was caused in any way by Greek Eats.

Because Greek Eats was not contractually obligated to render any services related to the maintenance or repair of the sidewalk, the Espinal doctrine does not apply. See, e.g., Morris v. Ontario Cnty., 152 A.D.3d 1185, 1187 (4th Dep't 2017) (finding "[c]ontrary to plaintiffs' contention, the Espinal exception" did not apply because contracting party had no "final authority regarding the ultimate installation of the guide rail at issue"); Sanchez v. 1067 Fifth Ave. Corp., 192 A.D.3d 521, 523 (1st Dep't 2021) (concluding Espinal did not apply to party where party "did not contract with [defendant] to provide comprehensive maintenance").

In sum, I recommend that summary judgment be granted to Greek Eats on Plaintiffs' negligence claim in Count III because Greek Eats did not owe a duty of care to Plaintiffs.

III.    Loss of Services Claim in Count IV

Although Greek Eats states that it is moving for summary judgment on all of Plaintiffs' claims (ECF No. 112 at 5), neither Greek Eats nor Plaintiffs address Mr. Mandel's loss of services claim in their motion papers. Regardless, summary judgment is also appropriate on the loss of services claim.

"Under New York law, a claim for loss of companionship, society, services, or support is derivative of the related primary causes of action; dismissal of the primary claims requires the Court to dismiss any dependent derivative claims." Nealy v. U.S. Surgical Corp., 587 F. Supp. 2d 579, 585 (S.D.N.Y. 2008); see also Rodriguez v. Am. Rest. Ventures, Inc., 923 F. Supp. 598, 602 (S.D.N.Y. 1996) (noting that "[wife's] loss of consortium claim against [defendant] is derivative of her husband's negligence claim"). As such, Mr. Mandel's loss of services claim is

14

derivative of Mrs. Mandel's negligence claim against Greek Eats. Because Greek Eats cannot be held liable for negligence, Mr. Mandel's derivative loss of services claim cannot stand. See Milone, 2025 WL 438261, at *7 (concluding that where negligence claim failed as a matter of law, "the Loss of Consortium Claim is derivative of the Negligence claim, so it must also be dismissed because the Negligence Claim is dismissed"); Warboys v. SHI-III Briarcliff Reit, LLC, No. 19-CV-2491 (PED), 2021 WL 2003192, at *8 (S.D.N.Y. May 19, 2021) (dismissing loss of consortium claim as derivative where negligence and other claims failed as a matter of law); Doe v. RDM Camps, LLC, No. 15-CV-778 (LMS), 2019 WL 13544706, at *10 (S.D.N.Y. Feb. 25, 2019) ("Because the Court has granted [defendant's] summary judgment on [p]laintiffs' primary claims of negligent hiring, retention, and supervision, as well as gross negligence, the Court grants [defendant] summary judgment on the derivative claim for loss of services."). Accordingly, I recommend that the loss of services claim in Count IV be dismissed.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that Greek Eats' motion for

summary judgment be **GRANTED**.

DATED:        New York, New York
              February 2, 2026

                                        Respectfully submitted,

_____
VALERIE FIGUEREDO
United States Magistrate Judge

**PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND
RECOMMENDATION**

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,
the parties have fourteen (14) days (including weekends and holidays) from service of this
Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d).
A party may respond to any objections within 14 days after being served. Any objections
and responses shall be filed with the Clerk of the Court. Any request for an extension of
time to file objections or responses must be directed to the Honorable Jennifer H. Rearden.
If a party fails to file timely objections, that party will not be permitted to raise any
objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed.
R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner
& Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596
F.3d 84, 92 (2d Cir. 2010).**