UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RHODA MANDEL, et al.,

                              Plaintiffs,          21 Civ. 06045 (JHR) (VF)

                    -v.-                           ORDER ADOPTING REPORT
                                                  AND RECOMMENDATION
FIZZBIN, LLC, et al.,

                              Defendants.

JENNIFER H. REARDEN, District Judge:

On July 14, 2021, Plaintiffs Rhoda Mandel and Leslie Mandel filed this action for

negligence and loss of services against Defendants Fizzbin, LLC ("Fizzbin"), Greek Eats, and

the City of New York, relating to Rhoda Mandel's fall on the sidewalk outside Greek Eats on

October 2, 2020.[1]   ECF No. 1.  Before the Court is the Report and Recommendation of

Magistrate Judge Valerie Figueredo recommending that the Court grant Greek Eats's motion for

summary judgment, ECF No. 110.  *See* ECF No. 124 (Rep.) at 16.  The Court has examined the

Report and Recommendation and notes that no objections have been filed.  For the reasons set

forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge

Figueredo's recommendation.

## BACKGROUND[2]

Plaintiffs filed the operative amended complaint, as of right, on September 2, 2021.  ECF

No. 14.  The case was referred to Magistrate Judge Freeman for general pretrial supervision on

July 16, 2021.  *See* ECF No. 10.

---

[1] This case was originally assigned to the Honorable Paul G. Gardephe and Magistrate Judge Debra C. Freeman. The case was reassigned to Magistrate Judge Valerie Figueredo on April 30, 2022 and to this Court on February 13, 2023.
[2] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed.  *See* Rep. at 4-5.

Pursuant to the parties' stipulation, the Court dismissed Defendant the City of New York on August 17, 2022. ECF No. 55. After approximately two years of discovery, on October 18, 2024, the parties informed the Court of their intent to engage in private mediation of the dispute. ECF No. 99. On February 28, 2025, the parties notified the Court that Plaintiffs had "settled a portion of the case with defendant Fizzbin" but "ha[d] not been able to resolve the portion of the case against defendant Greek Eats."[3] ECF No. 104. Greek Eats moved for summary judgment on August 14, 2025. *See* ECF No. 110. Plaintiffs opposed the motion on October 6, 2025, *see* ECF No. 120, and Greek Eats replied on October 13, 2025, *see* ECF No. 122.

On February 2, 2026, pursuant to an amended order of reference, *see* ECF No. 116, Judge Figueredo issued a sixteen-page Report and Recommendation recommending that the Court grant Greek Eats's motion for summary judgment. *See* Rep. at 16. The Report and Recommendation alerted the parties that they had "**fourteen (14) days (including weekends and holidays) from service of [the] Report and Recommendation to file any objections**." *Id*. (emphasis in original). The Report and Recommendation also cautioned that, "**[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal**." *Id*. (emphasis in original). Accordingly, any objections to the Report and Recommendation were due by February 17, 2026. Plaintiffs did not file any objections by that date or at any time thereafter, nor have they requested an extension of the time to object.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

---

[3] Despite providing notice of a settlement with Defendant Fizzbin, the parties never dismissed Fizzbin by filing "a stipulation of dismissal signed by all parties who have appeared" pursuant to Federal Rule of Civil Procedure 41(a). *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). Thus, Fizzbin has not been dismissed from the case.

U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025).  With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023).  A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'"  *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *2 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that, "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal," Rep. at 16, Plaintiffs did not file any objections to the Report and Recommendation.  Thus, Plaintiffs have waived the right to judicial review.  *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is "well-reasoned and grounded in fact and law."  *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

## CONCLUSION

Accordingly, the Court adopts the Report and Recommendation in its entirety and, for the reasons set forth therein, grants Greek Eats's motion for summary judgment.

In light of the parties' representation that they have "settled [the] portion of the case with defendant Fizzbin," ECF No. 104, by **May 15, 2026**, Plaintiffs and Fizzbin shall file a stipulation of dismissal in accordance with Rule 41(a)(1)(A)(ii), or, if the settlement has not been consummated, a letter proposing next steps.

The Clerk of Court is directed to terminate ECF No. 110.  The Clerk of Court is further directed to terminate Greek Eats as a Defendant, Cross-Claimant, and Cross-Defendant in this case.

SO ORDERED.

Dated: May 6, 2026
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

4